IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILE CHREKY,** | |
| Plaintiff, | CIVIL ACTION: 2:23-cv-00856 |
| v. | |
| | SECOND AMENDED COMPLAINT |
| **UNIVERSITY OF PITTSBURGH PHYSICIANS,** | |
| Defendant. | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Plaintiff, Emile Chreky, by and through undersigned counsel, The Lacy Employment Law Firm LLC, hereby files this Amended Complaint to correct Defendant's name to University of Pittsburgh Physicians ("UPP").[1]

### PROCEDURAL AND ADMINISTRATIVE REMEDIES

1. All the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if set forth herein at length.

2. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

3. Plaintiff dual-filed a charge with the Pittsburgh office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission

---

[1] On August 10, 2023, Defendant's counsel consented to Plaintiff filing his Second Amended Complaint, correcting Defendant's name to University of Pittsburgh Physicians, without waiver of their defenses thereto. Plaintiff has not sought or requested leave to amend for any substantive reason to date. These amendments have been purely to name the correct entity.

alleging discrimination based on national age. *See* EEOC Charge of Discrimination, attached as Exhibit 1.

4. The EEOC issued a Right to Sue letter ("Right to Sue") and Plaintiff timely filed the above-captioned action on or before 90 days from receipt of the Right to Sue that the EEOC issued. *See* Exhibit 2.

5. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6. Plaintiff Dr. Emile Chreky ("Plaintiff"), a 71-year-old Moroccan native and former emergency room doctor with UPMC McKeesport, resides at 238 Sheryl Lane, Pittsburgh, PA 15221.

7. Defendant University of Pittsburgh Medical Center McKeesport ("UPMC McKeesport") is a healthcare provider and hospital system operating within the state of Pennsylvania, with its principal place of business located at 1500 5th Ave McKeesport, PA 15132.

## FACTUAL BACKGROUND

8. Dr. Chreky worked for UPMC McKeesport for nearly 25 years as a pillar of UPMC's McKeesport Hospital and had an exemplary record during his tenure.

9. Dr. Chreky held various positions within the hospital and provided high-quality care to patients.

10. Dr. Chreky received numerous awards and recognition for his work at the hospital.

11. Despite his exceptional performance, UPMC McKeesport terminated Dr. Chreky's employment on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").

12. UPMC McKeesport cited two pretextual incidents – the "Soup Incident" and the "ER Incident" – as reasons for terminating Dr. Chreky's employment.

13. The "Soup Incident" involved Dr. Chreky purportedly accidentally spilling hot soup on himself, which did not involve patient care. Dr. Chreky had to change scrubs and needed to change into scrubs at his lunchtime because of the soup spill. A complaint was made to Dr. Chreky's director because he did not timely come to the emergency room because he was changing his scrubs. This incident was pretextual. Dr. Chreky was available within 15 minutes after changing his scrubs.

14. The "ER Incident" involved Dr. Chreky allegedly failing to follow proper protocol in the emergency room.

15. Both incidents were used as a pretext to terminate Dr. Chreky on account of his age.

16. Younger and less experienced employees who engaged in similar or more severe conduct were not terminated.

17. Dr. Chreky was replaced by a substantially younger physician with less experience.

18. UPMC McKeesport's actions had a disproportionately negative impact on older employees.

19. Dr. Chreky attempted to address his concerns with UPMC McKeesport's Human Resources department but was met with resistance and inaction.

## COUNT I
### Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
*Age Discrimination, Harassment, and Retaliation*

20. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

21. Defendant, UPMC McKeesport, discriminated against Plaintiff on the basis of his age by terminating his employment in violation of the ADEA.

22. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the ADEA.

23. Plaintiff is and was at the time of his termination, over forty years of age, and an individual within the class protected by the ADEA.

24. In discriminating against and harassing Plaintiff because of Plaintiff's age, Defendant violated the ADEA.

25. Defendant's violations were intentional and willful.

26. Liquidated damages are warranted given Defendant's willful violation of the ADEA.

27. Plaintiff engaged in protected activity by reporting age discrimination to UPMC McKeesport's Human Resources department.

28. Defendant, UPMC McKeesport, retaliated against Plaintiff by terminating his employment in violation of the ADEA.

29. Plaintiff engaged in protected activity by reporting age discrimination to UPMC McKeesport's Human Resources department.

30. Defendant, UPMC McKeesport, retaliated against Plaintiff by terminating his employment in violation of the PHRA.

31. As a direct and proximate result of Defendant's unlawful employment practices and retaliation, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

## COUNT II
## PHRA
### *Age Discrimination, Harassment, and Retaliation*

32. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

33. Defendant, UPMC McKeesport, discriminated against Plaintiff on the basis of his age by terminating his employment in violation of the PHRA.

34. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the PHRA.

35. Plaintiff is and was at the time of his termination, over forty years of age, and an individual within the class protected by the PHRA.

36. In discriminating against and harassing Plaintiff because of Plaintiff's age, Defendant violated the PHRA.

37. Defendant's violations were intentional and willful.

38. Liquidated damages are warranted given Defendant's willful violation of the ADEA.

39. Plaintiff engaged in protected activity by reporting age discrimination to UPMC McKeesport's Human Resources department.

40. Defendant, UPMC McKeesport, retaliated against Plaintiff by terminating his employment in violation of the PHRA.

41. As a direct and proximate result of Defendant's unlawful employment practices and retaliation, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a) Declaring the acts and practices complained of herein to be in violation of the ADEA;

b) Enjoining and permanently retraining the violations alleged herein;

c) Entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

d) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

e) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

f) Awarding punitive damages to Plaintiff;

g) Awarding Plaintiff such other damages as are appropriate under the ADEA.

h) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

i) Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

j) A jury trial on all triable issues.

Dated: August 18, 2023

*/s/ Andrew Lacy, Jr.*
Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT LAW FIRM LLC**
3675 Market Street
Philadelphia, PA 19104
(t) 412-301-3908
andrew.lacy@employment-labor-law.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

Plaintiff certifies that the foregoing was served upon counsel listed via the Court's electronic filing system.

**Jennifer S. Park**
Dentons Cohen & Grigsby P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
(412) 297-4900
jennifer.park@dentons.com

**Myah Alease Cummings**
Dentons Cohen & Grigsby
Dentons Cohen & Grigsby PC
625 Liberty Avenue, Fl 5
Pittsburgh, PA 15222
412-297-4638
myah.cummings@dentons.com

**Samantha Leigh Cook**
Dentons Cohen & Grigsby
Eqt Plaza
625 Liberty Ave.
Pittsburgh, PA 15222
412-874-8423
samantha.cook@dentons.com

Dated: August 18, 2022

By: */s/ Andrew Lacy Jr.*
Andrew Lacy Jr. Esq.
**THE LACY EMPLOYMENT LAW FIRM LLC**
3675 Market Street, Suite 200
Philadelphia, PA 19104
(t) (412) 301-3908
andrew.lacy@employment-labor-law.com

*Counsel for Plaintiff*